**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Got Docs, LLC, and IQL-RIGGIG, LLC, ) <br> f/k/a Riveria MCS, LLC, ) <br>       Plaintiffs, ) <br>        ) <br>    v. ) <br>        ) <br> Kingsbridge Holdings, Inc., Frank Mendicina, ) <br> and AMF6 Solutions, LLC, ) <br>       Defendants. ) | No. 19 C 6155 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Plaintiffs' motion for leave to file a second amended complaint [83] is granted. Kingsbridge Holdings, Inc.'s motion for leave to file an amended answer with counterclaim [65,66] is granted in part and denied in part without prejudice. Kingsbridge Holdings, Inc.'s motions to strike the second amended complaint [69] and stay discovery [110] are denied.

## STATEMENT

Before the Court are Plaintiffs' motion for leave to file a second amended complaint ("SAC"), Kingsbridge Holdings, Inc.'s ("Kingsbridge") motion for leave to file an amended answer with counterclaim, and Kingsbridge's motion to strike the SAC. Kingsbridge also recently filed a motion for summary judgment and a motion for judgment on the pleadings, which have not yet been briefed. In addition, Kingsbridge seeks to stay discovery, arguing that because Plaintiffs did not have the authority to prosecute the case on behalf of Got Docs, LLC ("Got Docs"), Plaintiffs' claims must fail, and Kingsbridge should not be required to complete discovery.

The allegations are lengthy and detailed, but broadly speaking, Plaintiffs[1] allege that Kingsbridge stole Got Docs'[2] entire managed document services business, including but not

---

[1] The initial complaint was filed by IQL-RIGGIG, LLC, d/b/a IQ Logic ("IQL-RIGGIG"). On December 5, 2019, IQL-RIGGIG filed an amended complaint, naming the following plaintiffs: Got Docs, LLC, d/b/a IQ Logic, and IQL-RIGGIG. The first amended complaint dropped Kingsbridge Technologies as a defendant. The SAC is brought on behalf of Got Docs, LLC and IQL-RIGGIG, formerly known as Riveria MCS, LLC ("Riveria"), while the sole defendant is Kingsbridge.

[2] Plaintiffs allege that Kingsbridge stole IQ Logic's business; however, because IQ Logic is the "doing business as" name of Got Docs, and Got Docs is the first named plaintiff in the SAC, the

limited to its trade secrets, executives, employees, and intellectual property, which are allegedly worth tens of millions of dollars. Plaintiffs also seek to stop the purported ongoing unlawful use of Got Docs' confidential information and trade secrets by Frank Mendicina, a former Got Docs executive, and Kingsbridge, Mendicina's current employer.

Plaintiffs filed the SAC without leave of court, naming for the first time Mendicina and his limited liability company, AMF6 Solutions, LLC ("AMF6"). The SAC also supplements and clarifies the factual allegations and causes of action asserted against Kingsbridge. Kingsbridge moves to strike the SAC, asserting that Plaintiffs filed it without leave of court and that they lack a basis for not originally having named Mendicina and AMF6, whose conduct was known to Plaintiffs at the outset of the case. According to Plaintiffs, Mendicina's wrongful conduct after the complaint was filed, and the "more fulsome picture of Defendants' concerted misconduct" revealed in discovery warrant amending the complaint.

It is true that Plaintiffs did not file a motion for leave to amend prior to filing the SAC, but they have since done so, and the Court can find no basis for striking the SAC. As an initial matter, leave to amend is to be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(1)(B). Further, as Plaintiffs note, they could simply file another lawsuit against Mendicina and AMF6; common sense dictates that the claims be addressed together because they relate to the same set of underlying facts. Moreover, Kingsbridge recently filed a motion for summary judgment and a motion for judgment on the pleadings, which aim to resolve all claims as to all parties. It is noteworthy that Kingsbridge states at the beginning of the summary judgment motion that "[e]ven if the Court grants Plaintiffs leave to file their proposed second amended complaint, the basis for Kingsbridge's motion for summary judgment remains the same—Got Docs has not authorized the filing of this case on its behalf." (Def.'s Mot. Summ. J., Dkt. # 103, at 1 n.1.) Kingsbridge contends that if the amendment is permitted, the Court will need to "significantly delay" resolution of this case in order to allow Mendicina and AMF6 to be served, for their counsel to get up to speed, and for them to conduct discovery. The Court disagrees. Counsel for Mendicina and AMF6 may file appearances and begin issuing discovery immediately. The current fact discovery cut-off date is November 25, 2020. An extension of the fact discovery cut-off date to January 8, 2021 will alleviate any concerns of prejudice due to impending deadlines. In the interests of efficiency and preserving judicial resources, and because Kingsbridge has not demonstrated that the amendment will cause it undue prejudice, the motion for leave to file the SAC is granted.

Kingsbridge moves pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(2) for leave to file an amended answer to include a counterclaim against Riveria[3] and an additional counterclaim against Edward Gibson and Tarang Gupta (purported members/owners of Riveria) for the unauthorized filing of this lawsuit on behalf of Got Docs. As to the counterclaim against Gibson and Gupta, they are not named plaintiffs and thus are not opposing parties as contemplated by Rule 13. *See* Fed. R. Civ. P. 13(a), (b) (discussing claims against "opposing

---

Court uses the name Got Docs rather than IQ Logic.

[3] As previously noted, Riveria is the former name of IQL-RIGGIG, a named plaintiff in the SAC.

2

parties"). Nor does Kingsbridge cite any other rule in support of joining these individuals as additional parties to the counterclaim. Accordingly, Kingsbridge's motion for leave to amend its answer to plead a counterclaim against Gibson and Gupta is denied without prejudice. The motion to amend the answer to include a counterclaim against Riveria (*i.e.*, IQL-RIGGIG) is granted given the liberal amendment policy as stated in Rule 15.

Kingsbridge also moves to stay discovery while its summary-judgment motion and motion for judgment on the pleadings are pending. The basis of the summary-judgment motion is that Riveria previously disposed of and forfeited its ownership interest in Got Docs and thus had no authority to bring the instant lawsuit. The motion for judgment on the pleadings as to Riveria's conversion claim against Kingsbridge argues that the claim fails as a matter of law. Accordingly, Kingsbridge contends that if both of its motions are granted, the case will be over, so discovery should be stayed during the pendency of the motions. The motion to stay is denied. The Court will rule on the motion for summary judgment and the motion for judgment on the pleadings expeditiously after they are fully briefed, but discovery shall proceed in the meantime.

**Date:** August 19, 2020

*Ronald A. Guzmàn*
**Ronald A. Guzmàn**
**United States District Judge**