IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Got Docs, LLC, and IQL-RIGGIG, LLC, | ) | |
| f/k/a Riveria MCS, LLC, | ) | |
|       Plaintiffs, | ) | |
| | ) | No. 19 C 6155 |
|     v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| Kingsbridge Holdings, Inc., Frank Mendicina, | ) | |
| and AMF6 Solutions, LLC, | ) | |
|       Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Kingsbridge Holdings, Inc.'s motion for summary judgment [103] is denied, and Plaintiffs/Counter Defendants' cross-motion for summary judgment [146] is granted.

## STATEMENT

**Background**

Plaintiffs[1] allege that Kingsbridge Holdings, Inc. (Kingsbridge") stole Got Docs's[2] entire managed-document services business, including but not limited to its trade secrets, executives, employees, and intellectual property, which are purportedly worth tens of millions of dollars. Plaintiffs also seek to stop the purported ongoing unlawful use of Got Docs's confidential information and trade secrets by Frank Mendicina, a former Got Docs executive, and Kingsbridge, Mendicina's current employer. The SAC also names Mendicina's limited liability company, AMF6 Solutions, LLC ("AMF6"), as a defendant. Kingsbridge obtained leave to file a counterclaim against Riveria, which is the former name of IQL-RIGGIG, and an

---

[1] The initial complaint was filed by IQL-RIGGIG, LLC, d/b/a IQ Logic ("IQL-RIGGIG"). On December 5, 2019, IQL-RIGGIG filed the first amended complaint, naming the following plaintiffs: Got Docs, LLC, d/b/a IQ Logic, and IQL-RIGGIG. The amended complaint dropped Kingsbridge Technologies as a defendant. The second amended complaint ("SAC") is brought on behalf of Got Docs, LLC and IQL-RIGGIG, formerly known as Riveria MCS, LLC ("Riveria"), while the sole defendant is Kingsbridge.

[2] Plaintiffs allege that Kingsbridge stole IQ Logic's business; however, because IQ Logic is the "doing business as" name of Got Docs, and Got Docs is the first named plaintiff in the SAC, the Court uses the name Got Docs rather than IQ Logic.

additional counterclaim against Edward Gibson and Tarang Gupta for the unauthorized filing of this lawsuit on behalf of Got Docs.

Kingsbridge moves for summary judgment on its counterclaim that Riveria had no authority to initiate the instant lawsuit by Got Docs because Riveria had forfeited its ownership interest in Got Docs prior to the suit being filed.   Kingsbridge asserts that it is implicit in Riveria having forfeited its ownership interest (assuming arguendo that it did so) that Gibson and Gupta are no longer managers of Got Docs and thus cannot have authorized suit on its behalf. Plaintiffs cross move for summary judgment on the unauthorized-filing counterclaim, contending that Riveria did not dispose of its ownership interest in Got Docs, but even assuming it did, Gibson and Gupta remained managers of Got Docs, and thus had authority to authorize suit.

**Standard**

Summary judgment is proper where there is "no dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**Relevant Authority**

Under Nevada law[3], "*[e]xcept as otherwise provided in this section or in the articles of organization or operating agreement*, management of a limited-liability company is vested in its members in proportion to their contribution to its capital."   Nev. Rev. Stat. § 86.291.1 (emphasis added).   "If provision is made in the articles of organization, management of the [limited liability] company may be vested in a manager or managers, who may but need not be members."   *Id*. § 86.291.3.

As of November 18, 2015, Riveria and AMF6 entered into an amended and restated operating agreement (the "Operating Agreement") for Got Docs.   The parties agree that the Operating Agreement governs the affairs of Got Docs, and sets forth the rights, duties, and responsibilities of its members and managers.   Section 6.1 of the Operating Agreement provides as follows:

> The business and affairs of the Company shall be managed by or under the direction of the Board of Managers (the "Board of Managers").   Decisions of the Board of Managers within its scope of authority shall be binding upon the Company.   Except for situations in which approval of the Members or a subset thereof is expressly required by this Agreement or by the nonwaivable provisions of the Act, the Board of Managers shall have full, exclusive, and complete discretion, power, and authority, subject to any other provisions of this

---

[3]   Got Docs is a Nevada limited liability company.

2

Agreement, to manage the business and affairs of the Company, and to make all significant decisions affecting such business and affairs.

The Operating Agreement does not require the consent or approval of the members to file a lawsuit.

According to the parties, it is undisputed that as of August 10, 2017, Got Docs had three managers: Gibson, Gupta, and Mendicina.   Further, according to the parties, neither Riveria nor AMF6 were managers of Got Docs.[4]   Section 6.4 of the Operating Agreement provides in part that "[a]ny Manager may resign at any time upon written notice to the Company at the Company's principal office" and that a "resignation is effective when notice of such resignation is given unless the notice specifies a future date."   On August 11, 2017, Mendicina resigned in writing as chief executive officer and manager of Got Docs.   Thus, after Mendicina's resignation as a manager, Got Docs had two managers: Gupta and Gibson.

**Analysis**

In support of its assertion that Gibson and Gupta were no longer managers after Riveria forfeited its ownership interest, and thus could not initiate suit, Kingsbridge states:

> Gibson and Gupta's tenure as managers was entirely dependent on Riveria's tenure as an owner of Got Docs and ended when Riveria's tenure as an owner of Got Docs ended.   Under Nevada law, which applies because Got Docs is a Nevada LLC, "management of a limited-liability company is vested in its members," Nev. Rev. Stat. § 86.291.1, and "[t]he members [of an LLC] can manage the LLC themselves or they can appoint a manager or group of managers to manage the company."   [Nevada Revised Statutes] § 86.335.2 provides that "a member who resigns or withdraws ceases to be a member, has no voting rights and has no right to participate in the management of the company."   *It is implicit in Section 86.335.2 that individuals who are appointed managers of an LLC (e.g., Gibson and Gupta) by a particular member of the LLC (e.g., Riveria) are deemed to have resigned and cease to be managers if that member subsequently ceases to be a member* (unless, of course, the remaining members of the LLC want those individuals to continue serving as managers).   Otherwise, contrary to Section 86.335.2, the withdrawn member would effectively continue to participate in the

---

[4]  The Court notes that a review of the Got Docs, LLC filing history on the Nevada Secretary of State website search engine, Silverflume, lists Riveria, Gibson Investment Group, Inc., and Mendicina as managers with a status of "inactive" and a "last updated" date of February 21, 2017.  *See* https://esos.nv.gov/EntitySearch/BusinessInformation (last visited Jan. 28, 2021). The two active managers are listed as Edward Gibson and Tarang Gupta, with a "last updated" date of March 2, 2020.   The Court has no information as to whether the website accurately reflects the historical officer information for Got Docs, LLC.

management of the LLC through these individuals even though the withdrawn member no longer has any ownership interest in the LLC.

(Kingsbridge's Resp. Got Docs's Stmt. Facts, Dkt. # 163, ¶ 22, at 9) (emphasis added).[5]

Even assuming arguendo that Riveria forfeited its interest in Got Docs, the Operating Agreement provides that "[e]ach Manager shall hold office until his or her successor is designated or until his or her earlier death, disability, resignation or removal." Under Nevada law, the Operating Agreement controls the management of a limited liability company. Absent any authority, the Court is unwilling to infer that Gibson and Gupta were implicitly removed as managers when Riveria forfeited its interest given that such a result is not expressly provided for in Nevada's limited liability statute. Moreover, as already noted, the Nevada Secretary of State website currently indicates that Gupta and Gibson are the only two active managers. *See* https://esos.nv.gov/EntitySearch/BusinessInformation (last visited January 28, 2021). Thus, Gibson and Gupta were authorized to file the instant lawsuit.[6]

---

[5] Kingsbridge points to numerous facts in support of its assertion that Riveria disposed of its interest in Got Docs, including:

- Riveria, Gibson, and Gupta and their accountant, Jeff Rogers, discussed maximizing the tax losses that Riveria's owners (including Gibson and Gupta) could realize from their investment in Got Docs through Riveria, a pass-through entity. Riveria, through Gupta, confirmed to Rogers that it was willing to forfeit its ownership interest in Got Docs.
- Riveria acted upon Rogers's advice and disposed of and forfeited its ownership interest in Got Docs. On two separate occasions -- in its original and amended 2017 tax returns -- Riveria represented to the Internal Revenue Service that Riveria had "fully disposed of it[s] investment in Got Docs," and Riveria represented to the tax authorities in California that it "no longer has any investments or activity in California."
- Gibson filed a statement of information with the California Secretary of State stating that Mendicina was the only manager of Got Docs and that Gibson and Gupta were no longer managers of Got Docs.
- Gibson told his employer, Deloitte Consulting, that he had sold and disposed of any direct or indirect ownership interests in Riveria and Got Docs.
- After Riveria filed its 2017 tax returns, Gupta and Gibson both referred to Riveria's ownership interest in Got Docs in the past tense.
- Riveria alleges in the amended complaint and the second amended complaint that it "lost" its equity interest in Got Docs.

The Court does not opine on the accuracy of these assertions.

[6] The parties discuss whether Gibson and Gupta remain managers of Got Docs and whether they can continue to prosecute the instant action. According to the Nevada Secretary of State, these

4

For these reasons, Kingsbridge's motion for summary judgment is denied and Plaintiffs/Counter Defendants cross-motion for summary judgment is granted as to the unauthorized-filing counterclaim.

**Date:** February 2, 2021

_____

**Ronald A. Guzmán**
**United States District Judge**

---

individuals currently are managers of Got Docs. Regardless, it is not this Court's role to administer or oversee the internal activities of a Nevada limited liability company and its members and managers. The Court will address only the legal claims before it.