UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GOT DOCS, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-06155 |
| | ) | |
| KINGSBRIDGE HOLDINGS, LLC, et al., | ) | Judge Ronald A. Guzman |
| | ) | |
| Defendants. | ) | Magistrate Young B. Kim |
| | ) | |
| KINGSBRIDGE HOLDINGS, LLC, | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IQL-RIGGIG, LLC, et al., | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

**Memorandum in Support of
Defendants' Motion to Compel
Plaintiffs to Make Their Expert, Gary Kleinrichert,
Available for a Remote Deposition on February 26, 2021**

**Introduction**

Without any basis, Plaintiffs are refusing to make their expert, Gary Kleinrichert, available for a deposition until long after the March 8, 2021 deadline for Defendants to disclose rebuttal experts has expired. This is improper and prejudicial to Defendants. Defendants are entitled to fully probe and obtain a complete understanding of Mr. Kleinrichert's opinions by deposing Mr. Kleinrichert now—before disclosing any rebuttal experts—so that: (1) Defendants can determine whether to designate any rebuttal experts; and (2) Defendants have a full and fair opportunity to address and rebut Mr. Kleinrichert's opinions through rebuttal experts. Moreover,

1

Mr. Kleinrichert should not be allowed to tailor his deposition testimony to the reports of any rebuttal experts.

The Court should compel Plaintiffs to make Mr. Kleinrichert available for a remote deposition on February 26, 2021, as Defendants' counsel have requested and noticed. Alternatively, the Court should extend the deadline for rebuttal experts and order Plaintiffs to make Mr. Kleinrichert available for deposition at least 10 days before the new rebuttal expert disclosure deadline.

## Background

The Court's case management schedule, as amended, provides: "Expert disclosures and reports by the party that has the burden of proof are due by February 8, 2021. Rebuttal expert disclosures and reports are due by March 8, 2021. Expert discovery to be completed by April 8, 2021." ECF 155.

During the evening of February 8, 2021, Plaintiffs disclosed Mr. Kleinrichert as an expert and provided his expert report. On February 10, 2021, Defendants' counsel asked Plaintiffs' counsel to make Mr. Kleinrichert available for a remote deposition on February 24, 25, or 26, 2021. Ex. 1. (The Court has ordered all depositions in the case to be conducted remotely. ECF 80.)

Plaintiffs' counsel did not respond, so Defendants' counsel followed up with Plaintiffs' counsel again on February 16, 2021. Ex. 1. Later that day, Plaintiffs' counsel finally responded: "We will not be producing Mr. Kleinrichert for deposition until after your expert produces his/her report on March 8th…. We will confer with our expert and send you proposed dates for his deposition in the latter half of March." Ex. 1.

Plaintiffs' counsel gave two reasons for their refusal to make Mr. Kleinrichert available for deposition until long after March 8:

> First, there is no requirement in the Court's scheduling order that the party with the burden of proof must not only serve its expert witness disclosure and report first, but also produce its expert for deposition before the opposing party's expert report is due.
>
> Second, your proposed deposition dates fall in the timeframe when our opposition to your reconsideration motion will have our attention. We are not suggesting this timing was intentional on your part, but we will not have our expert deposition preparation interfered with by your motion.

Ex. 1.

After receiving the February 16 response from Plaintiffs' counsel, Defendants' counsel (Jeff Fink) spoke by phone with Plaintiffs' counsel (Lindsay Builder) on February 16 at 1:53 pm (CST) to discuss the dispute over Mr. Kleinrichert's deposition. During the call, Plaintiffs' counsel said that February 26 might have worked for Mr. Kleinrichert's deposition, but regardless, Plaintiffs were sticking to their refusal to make him available for a deposition until after the March 8 deadline for Defendants to disclose their rebuttal experts has expired.

On February 17, 2021, Defendants served a notice to take the deposition of Mr. Kleinrichert by remote means on Friday, February 26, 2021, at 9:00 am (CST). Ex. 2.

### Argument

**1. Under the Federal Rules of Civil Procedure, Defendants are entitled to depose Plaintiffs' expert now, before Defendants disclose their rebuttal experts.**

Federal Rule of Civil Procedure 26(b)(4)(A) provides: "A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided." Under Rule 26(b)(4)(A), Defendants have the right to depose Mr.

3

Kleinrichert *now* because Plaintiffs have identified him as an expert whose opinions may be presented at trial and Plaintiffs have provided his expert report.

Rule 30(b)(1) provides: "A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." In compliance with Rule 30(b)(1), Defendants have given reasonable notice to Plaintiffs that Defendants want to depose Mr. Kleinrichert by remote means on February 26, 2021, at 9:00 am (CST). Before issuing the deposition notice, on February 10, 2021 (two days after Plaintiffs disclosed Mr. Kleinrichert as an expert), Defendants' counsel asked Plaintiffs' counsel to make Mr. Kleinrichert available for deposition on February 24, 25, or 26 (two weeks after Defendants' counsel requested the deposition). Plaintiffs' counsel stonewalled. After Defendants' counsel followed up with Plaintiffs' counsel on February 16, Plaintiffs' counsel revealed their improper plan to refuse to make Mr. Kleinrichert available for deposition until long after the March 8 deadline for Defendants to disclose their rebuttal experts has expired.

**2.     Courts have held or otherwise recognized that a party is entitled to depose the opposing party's experts before the party is required to disclose its rebuttal experts.**

Plaintiffs' position—that Defendants cannot depose Mr. Kleinrichert until after Defendants disclose their rebuttal experts—has no support in the Federal Rules of Civil Procedure, the Court's Local Rules, the Court's case management schedule, or the customs and practices for expert discovery. This Court and other federal courts have repeatedly held or otherwise recognized that a party is entitled to depose the opposing party's experts before the party is required to disclose its rebuttal experts. *Families Advocate, LLC v. Sanford Clinic N.*, No. 3:16-CV-114, 2019 WL 10910867, at *1 (D.N.D. May 1, 2019) ("Court is inclined to allow plaintiffs to depose defendants['] experts prior to the plaintiffs being required to make

4

their disclosures of rebuttal experts."); *Bond v. Baggett*, No. 11-61108-CIV, 2012 WL 13129569, at *4 (S.D. Fla. Oct. 15, 2012) ("Defendants may depose Plaintiffs' experts before disclosing their rebuttal experts."); *Gianzero v. Wal-Mart Stores, Inc.*, No. 09-CV-00656-REB-BNB, 2011 WL 13220425, at *2 (D. Colo. Apr. 22, 2011) ("The plaintiffs must make their experts available for depositions, if the defendants seek to take them, prior to the deadline for the defendants to designate their rebuttal experts."); *Wilda v. JLG Indus., Inc.*, No. 16 C 10088, 2018 WL 6308180, at *6 (N.D. Ill. Dec. 3, 2018) ("The time to complete Dr. Rando's deposition is extended to January 31, 2019, and the deadline for disclosure of rebuttal experts on the issue of psychological damages is extended to March 1, 2019."); *Coleman v. Wiencek*, No. 08 C 5275, 2010 WL 1193715, at *5 (N.D. Ill. Mar. 22, 2010) ("The Court also notes that were it to grant the requested extension at this point, additional time would have to be tacked on for Coleman to depose Provena's experts and, possibly, to disclose rebuttal experts."); *Neuros Co. v. KTurbo Inc.*, No. 08-CV-5939, 2009 WL 4431460, at *7 (N.D. Ill. Dec. 2, 2009) ("To avoid prejudice to Plaintiffs, discovery is extended as follows: Plaintiffs have until December 18 to depose Dr. Japikse. Plaintiffs must identify any rebuttal experts and provide reports by January 4, 2010."); *Gronik v. Balthasar*, No. 10-CV-00954, 2014 WL 2739333, at *6 (E.D. Wis. June 17, 2014) ("I will also grant Chubb's request to take Dr. Anderson's deposition. Following this deposition, Chubb may disclose its rebuttal expert, presumably Doug Rice, and plaintiffs may depose such expert.").

A party must be allowed to fully probe and obtain a complete understanding of the opinions of the opposing party's expert by taking the expert's deposition before disclosing any rebuttal experts. A party may decide that it does not need rebuttal experts after deposing the opposing party's expert. If the party chooses to designate rebuttal experts, the deposition of the

opposing party's expert will likely influence the opinions of the rebuttal experts. The purpose of rebuttal experts is to address and rebut the opinions of another expert, and party can have a full and fair opportunity to address and rebut the opinions of the opposing party's expert through rebuttal experts only if the party is allowed to depose the opposing party's expert before disclosing any rebuttal experts.

Moreover, by requiring the opposing party's expert to submit to a deposition before a party must disclose its rebuttal experts, the opposing party's expert cannot tailor his deposition testimony to the opinions of the rebuttal experts. Here, Mr. Kleinrichert is not entitled to be educated about the flaws in his opinions before he is required to defend his opinions under oath in a deposition.

**3. The case management schedule does not allow Plaintiffs to delay the deposition of their expert until after Defendants disclose their rebuttal experts.**

Plaintiffs contend that they can choose when to make Mr. Kleinrichert available for deposition because the Court's case management schedule does not expressly require Plaintiffs to produce their expert for deposition before the deadline for Defendants' rebuttal experts. Plaintiffs' contention is nonsense because the case management schedule does not provide that Plaintiffs can delay the deposition of their expert to a time of their choosing. The case management schedule is silent on the issue of expert depositions, which means that the Federal Rules of Civil Procedure govern. As discussed above, under Rules 26(b)(4)(A) and 30(b)(1), Defendants are entitled to depose Mr. Kleinrichert now, and Plaintiffs' position to the contrary has no support in the Federal Rules of Civil Procedure, the Court's Local Rules, the Court's case management schedule, or the customs and practices for expert discovery.

In *Gianzero*, 2011 WL 13220425, at *2, the Court held that the defendants were entitled to depose the plaintiffs' experts before disclosing rebuttal experts even though the case

6

management order—like the case management schedule here—included expert disclosure dates but not expert deposition dates: "The Amended Scheduling Order allowed a substantial period of time between the parties' respective expert disclosure dates so that depositions of those experts could be taken if necessary. The plaintiffs must make their experts available for depositions, if the defendants seek to take them, prior to the deadline for the defendants to designate their rebuttal experts." As in *Gianzero*, given the period of time between the initial expert disclosure deadline (February 8) and the rebuttal expert disclosure deadline (March 8) in the case management schedule, Defendants have the right to depose Mr. Kleinrichert before disclosing their rebuttal experts.

**4. Plaintiffs' five attorneys surely can handle a one-day deposition of a professional expert who has been deposed 50 times in the last 10 years while working on Plaintiffs' opposition to Defendant Kingsbridge's motion to reconsider.**

Plaintiffs' second excuse for refusing to make Mr. Kleinrichert available for deposition on February 26 is frivolous. Plaintiffs' counsel insist with a straight face that they cannot prepare Mr. Kleinrichert for a one-day deposition on February 26 because on February 12, the Court ordered Plaintiffs to file their opposition to Defendant Kingsbridge's motion to reconsider the Court's summary judgment ruling by March 5 (i.e., within three weeks). ECF 214.

Plaintiffs' expert, Mr. Kleinrichert, is a professional expert who, according to his report, has given at least 50 depositions in the last 10 years. Thus, he surely does not need extensive coaching by Plaintiffs' counsel before his one-day deposition.

Moreover, Plaintiffs are not responding anew to a summary judgment motion as the parties fully briefed their respective summary judgment motions between July-December 2020. Instead, Plaintiffs are responding to a motion to reconsider, which raises arguments as to why the Court erred in its summary judgment ruling. The Court has given Plaintiffs three weeks to file

7

their opposition to the motion to reconsider. If the deposition of Mr. Kleinrichert were to proceed on February 26, Plaintiffs would still have a full week before their opposition to the motion to reconsider is due on March 5.

Plaintiffs are represented by at least five attorneys listed on their court filings—Matthew Ryan, Raymond Mullady, Philip Busman, Lindsay Builder, and Katie Towery. Surely, Plaintiffs' counsel can figure out among themselves how to handle two tasks over the course of three weeks.

In November and December 2020, Plaintiffs' counsel had no problem taking or defending several depositions while simultaneously briefing several motions, including their motion for summary judgment and Defendants Frank Mendicina and AMF6 Solutions LLC's motion to dismiss or transfer. Plaintiffs' counsel surely can handle a one-day deposition of a professional expert who has been deposed 50 times in the last 10 years while working on Plaintiffs' opposition to Defendant Kingsbridge's motion to reconsider.

## Conclusion

The Court should compel Plaintiffs to make Mr. Kleinrichert available for a remote deposition on February 26, 2021, as Defendants' counsel have requested and noticed. Alternatively, the Court should extend the deadline for rebuttal experts and order Plaintiffs to make Mr. Kleinrichert available for deposition at least 10 days before the new rebuttal expert disclosure deadline.

Respectfully submitted,

/s/ Jeffrey R. Fink
William R. Bay (6181670)
wbay@thompsoncoburn.com
Jeffrey R. Fink (6226742)
jfink@thompsoncoburn.com
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
Fax: (314) 552-7000

Holly H. Campbell (6320395)
hcampbell@thompsoncoburn.com
Thompson Coburn LLP
55 East Monroe Street
37th Floor
Chicago, IL 60603
(312) 346-7500
Fax: (312) 580-2201

Attorneys for Defendants
Kingsbridge Holdings, LLC,
Frank Mendicina, and
AMF6 Solutions LLC