IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Got Docs, LLC, and IQL-RIGGIG, LLC, f/k/a Riveria MCS, LLC, <br>     Plaintiffs, <br><br> v. <br><br> Kingsbridge Holdings, Inc., Frank Mendicina, and AMF6 Solutions, LLC, <br>     Defendants. | ) ) ) ) )    No. 19 C 6155 ) )    Judge Ronald A. Guzmán ) ) ) ) |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Frank Mendicina and AMF6 Solutions, LLC's [151] motion to enforce the forum-selection clause is denied.

## STATEMENT

The Court assumes familiarity with the facts and procedural history of the case. Got Docs, LLC ("Got Docs") provides managed document services to business customers under the trade name IQ Logic and is based in California. From 2012 to August 10, 2017, Frank Mendicina was the President and Chief Executive Officer of Got Docs. Mendicina is the sole owner of AMF6 Solutions, LLC ("AMF6"), which has been an owner of Got Docs. In November 2015, Riveria MCS, LLC ("Riveria") also became an owner of Got Docs. Plaintiffs allege that Mendicina schemed with Defendant Kingsbridge Holdings, LLC ("Kingsbridge") to steal Got Docs's business, including its trade secrets, employees, and customers, and move it to Kingsbridge.

Prior to the initiation of the instant case, Got Docs and Mendicina entered an employment agreement ("Employment Agreement") and Riveria, AMF6, and Got Docs entered into an operating agreement ("Operating Agreement"). Section 16 of the Employment Agreement contains the following forum selection clause:

> Each of the parties submits to the exclusive jurisdiction of the state court of competent jurisdiction sitting in Orange County California or the Federal District Court for the Central District of California, in any action or proceeding arising out of or relating to this Agreement, agrees that all claims in respect of the action or proceeding may be heard and determined in such court and agrees not to bring any action or proceeding arising out of or relating to this Agreement in any other court. Each of the parties waives any defense of inconvenient forum to the maintenance of any action or proceeding so brought . . . .

(2d Am. Compl., Dkt. # 63-2, Ex. B, at 8.)

Section 11.4 of the original Operating Agreement contains a similar forum selection clause:

> Each of the parties hereto irrevocably agrees that any legal action or proceeding arising out of this Agreement or otherwise relating to any of the Company's constitutive documents shall be brought only in the state or United States Federal courts located in Orange County, California.

(*Id.*, Dkt. # 63-1, Ex. A, at 30.)[1] In Count 3 of the second amended complaint ("SAC") Got Docs alleges that Mendicina breached the Employment Agreement, and in Count 5, Got Docs alleges that Mendicina and AMF6 breached the Operating Agreement. According to Mendicina and AMF6, the forum-selection clauses require that the claims against them be either dismissed or transferred to California.[2]

When a party seeks to alter the forum in which the case has been filed, a court "must evaluate both the convenience of the parties and various public-interest considerations." *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 894 (7th Cir. 2018). However, "when a forum-selection clause is in play, the analysis is limited to public-interest factors." *Id*. "And because those factors are 'rarely' strong enough to override the parties' preselected forum, 'the practical result is that forum-selection clauses should control except in unusual cases.'" *Id*. In analyzing a motion to enforce a forum-selection clause, "the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine,* 571 U.S. at 63.

Plaintiffs contend, in part, that Mendicina and AMF6's request to enforce the forum-selection clause should be denied because they did not mention the clause in opposing Plaintiffs' motion for leave to file the SAC (which added Mendicina and AMF6). But, as Mendicina and AMF6 note, they were not parties to the case when the motion for leave to amend was being

---

[1] Plaintiffs argue that an April 2020 amendment to the Operating Agreement changed the forum-selection clause to Illinois. Mendicina and AMF6 contend that the amendment is a nullity and could not operate retroactively. Because the Court is denying the motion, the Court need not resolve the dispute at this time.

[2] "A forum-selection clause channeling litigation to a *nonfederal* forum is enforced through the doctrine of *forum non conveniens*." *Sanzi v. XPO Logistics, Inc.*, No. 20 C 2985, 2020 WL 7480703, at *1 (N.D. Ill. Dec. 18, 2020) (emphasis in original). Title 28 U.S.C. § 1404(a) "is a codification of [the *forum non conveniens*] doctrine for the subset of cases in which the transferee forum is another *federal* court." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (emphasis added). Here, the forum-selection clause requires that litigation take place either in a California state or federal court. Therefore, "dismissal or transfer may be appropriate, and '[e]ither way, the analysis is the same.'" *Sanzi,* 2020 WL 7480703, at *1 (citing *Atl. Marine,* 571 U.S. at 61 ("[C]ourts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum.")).

2

briefed. Nevertheless, given that Mendicina and AMF6 are aligned with Kingsbridge and share the same counsel, Kingsbridge could have alerted the Court to the issue. Had the Court known of the clause at the time, it may have ruled differently on Plaintiffs' belated [3] motion to amend their complaint.

While Plaintiffs claim that Mendicina and AMF6 were remiss in not raising the forum-selection clause, Plaintiffs also did not bring it to the Court's attention, which may not have been an oversight. As Mendicina and AMF6 note, neither Plaintiffs' original nor their first amended complaint named Mendicina or AMF6 as defendants. It was only nine months after Plaintiffs filed the original complaint (and amended it once), and one day before the deadline for joining new parties, that Plaintiffs filed the SAC adding Mendicina and AMF6 as defendants. But Mendicina and AMF6 were named numerous times in the two prior versions of the complaint (over 100 times in each, according to Mendicina and AMF6), which also included the detailed facts underlying the claims against Mendicina and AMF6. If Plaintiffs had named Mendicina and AMF6 in their original complaint, the Court could have addressed the issue of the proper forum a year and a half ago.

Despite the parties' role, at least in part, in the late consideration of the forum-selection clause issue, the Court agrees with Plaintiffs that this is one of those cases where the public-interest factors dictate against enforcing the clause. All the issues are intertwined and revolve around an overlapping core of facts. To split the case up at this point would require another court to start from scratch in sorting through the myriad claims and complicated factual background. The resulting judicial inefficiency is not warranted. *See Ashley Furniture Indus., Inc. v. Packaging Corp. of Am.*, 275 F. Supp. 3d 957, 965 (W.D. Wis. 2017) ("Given the commonality (if not nearly identical nature) of the facts and the law applicable to plaintiff's claims against Georgia-Pacific and the other alleged co-conspirators, the judicial inefficiencies for which Georgia-Pacific's motion calls is not justified here by any countervailing public interest in enforcing the forum selection clause."). Possible conflicting judgments will also be avoided.

Finally, it is worth noting that the parties clearly harbor a great deal of animosity towards one another and appear willing to continue their no-holds-barred approach to the case, regardless of the cost or justification.[4] From a judicial-resources perspective, the Court sees no reason to compel another court to wade into this quagmire.

---

[3] Plaintiffs initially filed the SAC without leave of court, and Defendants moved to strike it. Plaintiffs responded to the motion to strike and moved for leave to file the SAC.

[4] One need only look at the number of filings and the hyperbolic language used in them to apprehend the parties' intense dislike of each other.

For these reasons, the Court denies the motion to enforce the forum-selection clause.

**Date**:  March 01, 2021

_____
**Ronald A. Guzmán**
**United States District Judge**

4